**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAWRENCE BROWN | |
| Appellant | No. 575 EDA 2017 |

Appeal from the Judgment of Sentence imposed January 13, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0014367-2013

BEFORE:  STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 26, 2018**

Appellant, Lawrence Brown, appeals from the judgment of sentence imposed on January 13, 2017 in the Court of Common Pleas of Philadelphia County following his conviction for firearms violations.   Appellant contends the trial court erred by denying his suppression motion, by admitting the complaining witness' statement in violation of his right of confrontation, and by admitting evidence of other crimes.  Following review, we affirm.

The trial court summarized the facts of the case as follows:

[At] about 12:30 in the afternoon of September 18, 2013, Ms. Caneesha Scott was outside of her residence at 5161 Pennway Street in Philadelphia, placing her four year old daughter into her car, when [Appellant], the child's father, got out of a silver Chrysler PT Cruiser and approached.  [Appellant] pointed a gun at Ms. Scott threatening her and demanding his daughter. [Appellant] took his daughter out of Ms. Scott's car[,] put the gun

back in his waistband, jumped into the PT Cruiser with the young girl and fled.

Police Officers Scratchard and Sellers received a radio call concerning the abduction, and then observed the silver Chrysler a few blocks away, turning into a gas station at a high rate of speed. The officers were able to stop the vehicle at 41 Kensington Avenue. The complainant was brought to the vehicle and positively identified [Appellant]/driver as [Appellant], the father of the child who had just abducted her. [Appellant] was then arrested.

Meanwhile, Officer Damien Evans, responding to the same call, observed the PT Cruiser while it was coming out of Palmetto Street, with two males in the front seat. When this officer made a U-turn to catch up to the Chrysler, the passenger exited the vehicle carrying a black book bag. Evans got out of his patrol car and gave chase to 1003 East Luzerne Street, where he apprehended the co-defendant, Naem Bailey and the book bag Bailey had discarded, containing two loaded handguns.

Trial Court Opinion, 6/2/17, at 4 at 4-5 (references to notes of testimony omitted).

The trial court also provided the following procedural history:

[Appellant] was arrested on September 18, 2013, and charged with simple assault, violations of the Uniform Firearms Act, possessing the instruments of a crime, terroristic threats and recklessly endangering another person. [Appellant] was bound over for court on all charges following a preliminary hearing on November 18, 2013.[1] . . . A motion to suppress was heard and denied on July 13, 2016. A jury was empaneled from November 15, 2016 through November 17, 2016, wherein [Appellant] was convicted of firearms not to be carried without a license and carrying a firearm in public in Philadelphia. A presentence investigation was completed and on January 13, 2017, [Appellant]

_____

[1] Although Appellant was originally charged with the crimes listed by the trial court, the record reflects that the case proceeded to trial on the firearms charges only. Notes of Testimony, Preliminary Hearing, 11/18/13, at 48.

was sentenced to three and one-half to seven years' incarceration for carrying a firearm without a license and a consecutive term of one and one-half to five years' incarceration for carrying a firearm in public in Philadelphia. Post-sentence motions were not filed, however a timely appeal was made to the Superior Court of Pennsylvania.

*Id.* at 1-2 (some capitalization omitted).

Both Appellant and the trial court complied with Pa.R.A.P. 1925. In this appeal, Appellant asks us to consider three of the ten issues he raised in his Rule 1925(b) statement of errors complained of on appeal[2] as follows:

A. Whether the trial court erred in denying [Appellant's] motion to suppress the firearms seized without warrant and without probable cause.

B. Whether the trial court's admission of the statement of the alleged complaining witness made to a police officer violated [Appellant's] right to confrontation as guaranteed by the Sixth Amendment to the United States Constitution and corresponding provisions of the Pennsylvania Constitution.

C. Whether where, as here, [Appellant] was charged at trial only with violations of the Uniform Firearms Act the Commonwealth was impermissibly permitted to introduce evidence that [Appellant] had pointed a gun at the head of the non[-]testifying complainant, had threatened her with a gun, and had put the lives of the non[-]testifying complainant, her child, and the eyewitness in danger.

Appellant's Brief at vi.

_____

[2] Appellant acknowledged that several additional issues raised in his 1925(b) statement were "intentionally omitted from this brief and are to be considered withdrawn." Appellant's Brief at 1 n. 1. (unnumbered).

In his first issue, Appellant argues the trial court erred by denying his motion to suppress the firearms he contends were seized without a warrant or probable cause. As a challenge to the denial of a motion to suppress, we apply the following standard of review:[3]

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [ ] plenary review.

*Commonwealth v. (Patrick Scott) Jones*, 121 A.3d 524, 526-27 (Pa. Super. 2015) (alterations in original) (quoting *Commonwealth v. (Curtis) Jones*, 988 A.2d 649, 654 (Pa. 2010)).

As the trial court correctly noted, to prevail on a motion to suppress, "a defendant has the preliminary burden to show that the challenged police conduct intruded on a reasonable expectation of privacy that that defendant

---

[3] We remind counsel for Appellant that an appellant's brief is to include a statement of both the scope and standard of review. *See* Pa.R.A.P. 2111(a)(3).

- 4 -

had in the area search or item seized." Trial Court Opinion, 6/2/17, at 10 (citing, *inter alia*, **Commonwealth v. Gordon**, 683 A.2d 253 (Pa. 1996)).

At issue here are the guns found in the backpack retrieved by Officer Evans after apprehending Appellant's co-defendant, Naem Bailey. Appellant argues he had a reasonable expectation of privacy in the backpack, "given the Commonwealth's theory that its contents were owned by [Appellant] and possessed by him and . . . he was charged with a possessory offense." Appellant's Brief at 14. He suggests he "maintained a reasonable expectation of privacy and constitutionally protected interest in the backpack despite the fact that his co-defendant may have exited the vehicle with the backpack." *Id.* at 14-15.

The trial court rejected Appellant's argument, noting "the courts apply a twofold test: has the person exhibited a subjective expectation of privacy and did the person demonstrate that the expectation is one that society is prepared to recognize as reasonable and legitimate." Trial Court Opinion, 6/2/17, at 11 (citations omitted). If there is no reasonable expectation of privacy, the court explained, "the search and seizure will not be found unreasonable and therefore, unconstitutional, even if probable cause was lacking or a warrant was not obtained." *Id.* (citation and quotation marks omitted).

The Commonwealth contends:

The evidence produced by the Commonwealth showed that [Appellant] had no possessory interest in his fleeing co-

- 5 -

defendant's backpack: it had not been in [Appellant's] direct possession; could not be otherwise identified as being owned by him; and was found solely in the possession of another. It was thus [Appellant's] obligation to show that he had a reasonable expectation of privacy to enforce. . . . [Appellant], however, offered no evidence at the suppression hearing to prove he owned, or had an expectation of privacy in the backpack.

Commonwealth Brief at 6-7 (quotations, citations and footnote omitted).

The trial court agreed, concluding:

In the instant case, [Appellant] was not in control, nor did he have a reasonable expectation of privacy in the handguns. It was the co-defendant who was running down the street with the black book bag containing the guns, and subsequently tossed the book bag when he was close to being apprehended, all while [Appellant] remained in the car. [Appellant] had no reasonable expectation of privacy in the backpack that was in the control of the co-defendant on the street and as such, the motion to suppress was correctly denied.

*Id.* Just as in *Commonwealth v. Peterson*, 636 A.2d 615 (Pa. 1993), Appellant "has made no averment of possessory interest . . . or indeed any factor from which a reasonable and justifiable expectation of privacy could be deduced." *Id.* at 619. Therefore, no right has been diminished because none has been demonstrated. *Id.*

We find the trial court's factual findings are supported by the record and its legal conclusions drawn from those facts are correct. Appellant's suppression issue fails.

Appellant next argues that the trial court violated his confrontation rights when it admitted testimony concerning the statement of the

- 6 -

complaining witness, Caneesha Scott, who did not testify at trial.[4-5] The trial court admitted the testimony regarding the statement under the excited utterance rule, Pa.R.E. 803(2).[6] As the trial court recognized, "[t]he admissibility of evidence is a matter addressed to the sound discretion of the

---

[4] The investigating officer, Heather Andrews, explained that she summarized information given to her by Ms. Scott on the police report, Form 75-48D, including that Ms. Scott identified herself as the one who called the police. On Officer Anderws' arrival, Ms. Scott was extremely distraught and kept saying, "You have to help me," so Officer Andrews initially tried to calm her down. Ms. Scott then reported to Officer Andrews that her child's father (Appellant) threatened her while pointing a gun at her, that they had a verbal dispute, and that he left in a silver PT Cruiser with their child. Notes of Testimony, 11/16/16, at 61-67.

[5] At trial, a detective testified concerning her efforts on behalf of the Commonwealth to bring Ms. Scott in to testify at the time of trial. The detective served a subpoena on Ms. Scott in advance of trial. However, when the detective went to Ms. Scott's residence with a bench warrant at the beginning of trial, she was unable to locate her. Notes of Testimony, 11/17/16, at 52-56.

[6] Pa.R.E. Rule 803 (Exceptions to the Rule Against Hearsay—Regardless of Whether the Declarant Is Available as a Witness) includes the "excited utterance" exception, which is defined as "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Pa. R.E. 803(2). Further:

> [A]n excited utterance (1) need not describe or explain the startling event or condition; it need only *relate* to it, and (2) need not be made contemporaneously with, or immediately after, the startling event. It is sufficient if the stress of excitement created by the startling event or condition persists as a substantial factor in provoking the utterance.

**Id.**, *Comment* (emphasis in original).

trial court and an appellate court may only reverse rulings on admissibility upon a showing that the lower court abused its discretion." Trial Court Opinion, 6/2/17, at 11 (quoting *Commonwealth v. May*, 656 A.2d 1335, 1341 (Pa. 1995)).

Appellant complains that Ms. Scott's statement, *see* footnote 4, supra, was the product of police questioning when there was no ongoing emergency. As such, he contends the statement was testimonial in nature and should not have been introduced because Ms. Scott did not testify at trial and was never subject to cross-examination. The Commonwealth counters that Ms. Scott's statement was non-testimonial because "the primary purpose of the interrogation [was] to enable police assistance to meet an ongoing emergency." Commonwealth Brief at 10 (citations omitted). As the Commonwealth asserts:

> [T]he declaration was a spontaneous reaction to a shocking event, was not given in contemplation of prosecution, and was made in response to ongoing police efforts to assist in response to an emergency call. Officer Andrews arrived at the victim's home to find her distressed and hysterical. The officer explained, "[the victim] was loud, physically animated, [and] moving a lot. Her sentences were fragmented. It took me a few seconds to calm her down and give me a complete thought about what was going on." The victim pleaded with the officer, "You have to help me." She explained that [Appellant] had threatened her with a handgun and abducted their daughter.

*Id.* at 11-12 (references to notes of testimony omitted; first alteration added).

We find no abuse of discretion in the trial court's conclusion that "[t]he testimony was crystal clear that Caneesha Scott was dominated by the

nervous excitement of being threatened with a gun and her baby abducted when she spoke to Officer Andrews, and as such testimony regarding her statement was properly admitted under the excited utterance rule." Trial Court Opinion, 6/2/17, at 13. "[T]he aim of the questioning was in response to an ongoing emergency—the abduction of a child by gun—and as such nontestimonial in nature and not subject to exclusion due to the Confrontation Clause." *Id.* at 14 (citations omitted). Because the trial court did not abuse its discretion in admitting testimony regarding the statement based on the excited utterance exception to the hearsay rule, we reject Appellant's second issue.

In his third issue, Appellant again challenges the admission of evidence, this time in relation to evidence of other crimes, claiming the evidence was irrelevant and, therefore, not admissible. In particular, Appellant complained that the Commonwealth introduced evidence of Appellant pointing a gun at Ms. Scott's head and threatening her with a gun, putting the lives of Ms. Scott, her child, and an eyewitness in danger. Appellant's Brief at 19.

The Commonwealth suggests this issue is waived because Appellant's counsel objected to Ms. Scott's statement on hearsay and confrontation grounds only. Commonwealth Brief at 13. Appellant all but concedes this, having asserted in his Rule 1925(b) statement that trial counsel "was ineffective in failing to object to the inadmissible and prejudicial 'other crimes'

J-S15006-18

evidence." Appellant's Statement of Errors Complained of on Appeal, 4/26/17, at ¶ 10.[7]

However, even if not waived, Appellant is not entitled to relief on this issue. Again, the admission of evidence is a matter addressed to the discretion of the trial court and this Court will not disturb an evidentiary ruling absent an abuse of that discretion. *See May*, 656 A.2d at 1341.

The trial court acknowledged that Pa.R.E. 404(b) governs the admissibility of other crimes evidence and provides that such evidence is inadmissible to show a propensity or disposition to behave in a similar fashion. Trial Court Opinion, 6/2/17, at 14.[8] "However, the probative value of such acts may outweigh the presumptive prejudice if there is a close factual nexus sufficient to demonstrate the connective relevance of the prior bad act to the crime in question." *Id.* at 14-15 (citations omitted).

Our Supreme Court has recognized a number of exceptions to the general prohibition against evidence of other crimes. ***See, e.g.,***

_____

[7] The ineffectiveness claim was one of seven errors asserted in the Rule 1925(b) statement that was abandoned on appeal. ***See*** n. 2, *supra*.

[8] While Rule 404(b) prohibits evidence of a crime "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character[,]" the "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(1) and (2). However, "[i]n a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2).

- 10 -

*Commonwealth v. Lark*, 543 A.2d 491 (Pa. 1988). In *Lark*, the Court discussed the stated exceptions set forth in Rule 404(b) and then considered additional "special circumstances" where other crimes evidence could be relevant and admissible. *Id.* at 497. Specifically, other crimes evidence "may be relevant and admissible [] where such evidence was part of the chain or sequence of events which became part of the history of the case and formed part of the natural development of the facts." *Id.* (citations omitted). As the Supreme Court explained:

> This special circumstance, sometimes referred to as the "res gestae" exception to the general proscription against evidence of other crimes, is also known as the "complete story" rationale, *i.e.*, evidence of other criminal acts is admissible "to complete the story of the crime on trial by proving its immediate context of happenings near in time and place."

*Id.* (citations omitted).

> In the case before us, the trial court determined that Appellant's action,
>
> [in] pointing a gun and threatening the complainant while abducting the child was the start of the incident and was such a part of the natural development of the facts that [its] probative value was necessary, clearly outweighing [any] potential for prejudice, as the natural development of the facts of the case.

*Id.* at 15. We find no abuse of discretion in the trial court's admission of other crimes evidence under the circumstances of this case or in its conclusion that the probative value of the evidence admitted outweighed any potential for unfair prejudice. Therefore, we shall not disturb its ruling. Appellant's final issue fails.

Judgment of sentence affirmed.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/18